No. 22,947.

CHARLES PAYNE, *Appellee*, v. ADAMS EXPRESS COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

CARRIER—*Express Company—Receipt Limiting Amount of Recovery in Case of Loss—Limitation Void.* In August, 1915, the express company received two trunks for interstate transportation. The trunks were locked and strapped, and their contents were hidden from view. The carrier did not ask or require the shipper to state the character or value of the articles in the trunks, or any of them, the shipper gave no such information, and the shipper did not dictate or suggest what the receipt given him should contain. The receipt contained an agreement limiting amount of recovery in case of loss. *Held*, the limitation was

void, under the provisions of 38 U. S. Stat. 1196, ch. 176, § 1, which was in force at the time.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed February 12, 1921. Affirmed.

*F. W. Sturges*, and *Fred W. Sturges, jr.*, both of Concordia, for the appellant; *George Pfeil*, of New York, N. Y., of counsel.

*A. M. French*, of Concordia, *Earl Blake, W. A. Ayres, W. A. Blake, W. H. Jones*, and *C. A. McCorkle*, all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the value of two trunks and their contents, delivered to the defendant for transportation by express from Chicago, Ill., to Jewell, N. Y. The plaintiff recovered, and the defendant appeals.

The trunks were received by the defendant on August 4, 1915, and should have been delivered at destination on August 6, but were not delivered at all. Included in the shipment was a bag, which was delivered. The total weight of the shipment was 320 pounds. When the defendant accepted the goods it issued a receipt for them, the material portions of which follow:

"Company will pay—
NOT OVER $50 IN CASE OF LOSS—
or 50 cents per pound on shipments in excess of 100 pounds, unless a greater value is declared and higher rates paid.

Receiving Form 38.                                   Non negotiable receipt.

ADAMS EXPRESS COMPANY.

"Received from Charles Payne the articles entered below, subject to the classifications and tariffs in effect on date thereof, which the company agrees to carry upon the following terms and conditions, to which the shipper agrees, and as evidence thereof accepts this receipt.

.    .    .    .    .    .    .    .    .    .    .    .

"2. In consideration of the rate charged for carrying said property, which is regulated by the value thereof, and is based upon a valuation of not exceeding fifty dollars for any shipment of 100 pounds or less and not exceeding fifty cents per pound for any shipment in excess of 100 pounds, unless a greater value is declared at the time of shipment. The shipper agrees that the company shall not be liable in any event for more than fifty dollars on any shipment of one hundred pounds or less, and

for not exceeding fifty cents per pound on a shipment weighing more than 100 pounds, unless a greater value is stated herein, and said property is valued at, and the liability of the company is hereby limited to, the values below stated, unless a greater value is declared at the time of shipment and stated herein, and charge for value paid or agreed to be paid therefor."

The trunks were locked and strapped, and their contents were hidden from view. The defendant's agent did not ask, or require the plaintiff to state, in writing or otherwise, the character or value of the articles in the trunks, or any of them. The plaintiff gave no such information, and did not dictate or suggest what the receipt should contain. The plaintiff proved value to the amount of $598.76, for which sum and interest, together with express charges paid in advance and interest, judgment was rendered.

The chief contention of the defendant is that the receipt constituted a contract which fixed the rights of the parties, including the amount the plaintiff is entitled to recover. The contention ignores the fact that the transaction was one with respect to which the Congress of the United States had legislated:

"Any common carrier, railroad, or transportation company subject to the provisions of this act, receiving property for transportation from a point in one state . . . to a point in another state, . . . shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property . . . and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier, railroad, or transportation company so receiving property for transportation . . . shall be liable to the lawful holder of said receipt or bill of lading . . . notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void: *Provided, however*, That if the goods are hidden from view by wrapping, boxing, or other means, and the carrier is not notified as to the character of the goods, the carrier may require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated, . . ." (38 U. S. Stat. 1196, ch. 176, § 1, March 4, 1915.)

This statute took effect ninety days after its passage, was in force when the goods were received by the defendant, was not superseded until August 9, 1916 (39 U. S. Stat. 441, ch. 301), and clearly governed the transaction.

The defendant says the plaintiff estopped himself by accepting the receipt. Statutes expressing a definite public policy, in clear and positive terms, are not to be nullified so easily. Some complaints respecting proof of value of the lost articles and right to recover are without substantial merit.

The judgment of the district court is affirmed.